UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

RAY A. PAGAN,                                   :
                                                :
                              Plaintiff,         :
                                                :        MEMORANDUM & ORDER
               -against-                         :
                                                :        23-CV-05599 (ENV)
MRS. GALARZA, MS. STUART, and                   :
COMMISSIONER KILOLO KIJAKAZI,                   :
                                                :
                              Defendants.        :
------------------------------------------------------------- x

VITALIANO, D.J.

On August 11, 2023, pro se plaintiff Ray A. Pagan filed this case seeking review of actions taken by the Social Security Administration ("SSA") following remand of the agency's prior decision denying him disability benefits. Compl., Dkt. No. 1. The Commissioner of Social Security (the "Commissioner"), on behalf of herself and named SSA employees, moved to dismiss Pagan's complaint pursuant to Rule 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56. Mot., Dkt. No. 8. For the reasons set forth below, the Commissioner's motion for summary judgment is granted.

Background

On November 30, 2020, the order remanding Pagan's disability case to SSA issued. Dkt. No. 8-2, at 63. On remand, the administrative law judge (the "ALJ") found in a decision dated December 15, 2021 that Pagan had been acting under a disability since January 31, 2018. *Id.* at 85. Subsequently, on January 31, 2022, SSA informed Pagan that he was not eligible for certain back payments. *Id.* at 98, 100. Pagan sought reconsideration on June 21, 2022, and on August 18,

2022, SSA issued a revised determination granting Pagan some of the relief he had sought, in which it found that Pagan was eligible for some of the back payments after all but that, for other months, SSA had overpaid Pagan and needed to be reimbursed.  *Id.* at 111.  Pagan then requested a hearing.  *Id.* at 121.  But, after waiving the overpayment, SSA dismissed Pagan's request for a hearing on March 1, 2023.  *Id.* at 115, 121.  Pagan sought review in SSA's Appeals Council soon thereafter and, while his appeal was still pending, commenced this action on August 11, 2023.  *Id.* at 3; Compl.  On November 29, 2023, the Commissioner filed this motion.  Mot.

<u>Legal Standard</u>

With the necessary notice having been given, Dkt. No. 8-3, the Court will treat the Commissioner's motion as one for summary judgment, as "[e]valuation of the Commissioner's motion requires consideration of matters outside of the pleadings."  *Seaborn v. Comm'r of Soc. Sec.*, No. 23 Civ. 9397 (NSR) (AEK), 2024 WL 4108611, at *3 (S.D.N.Y. July 8, 2024).  Pursuant to Rule 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Since Pagan is pro se, moreover, the Court must show him "special solicitude" while considering the Commissioner's motion.  *Davis v. Soc. Sec. Admin.*, No. 1:24-cv-02437 (RA) (SDA), 2024 WL 5272816, at *3 (S.D.N.Y. Oct. 25, 2024).

<u>Discussion</u>

Pagan's complaint, although far from a model of clarity, can be read to allege that SSA has failed to disburse to Pagan the full benefits owed to him.  *See* Compl. at 4-6.  In particular, the complaint, when construed liberally, could be seen as focusing on two actions taken by SSA: (1) the eligibility determination made by the ALJ following remand and its finding that Pagan only

2

began to operate under a disability on January 31, 2018 (and not March 6, 2014 as Pagan contended); and (2) the August 18, 2022 overpayment determination, which SSA later waived. *See id.* at 4-6, 29; Dkt. No. 8-2, at 69, 85, 111, 115.[1]

As to the first, Pagan's claim regarding the eligibility determination must be denied as a matter of law, as it is untimely. On remand, an ALJ's determination will become the final decision of the Commissioner unless the claimant files written exceptions or the Appeals Council independently decides to assume jurisdiction within 60 days of the date of the ALJ's decision. 20 C.F.R. § 416.1484. Neither occurred here, and the ALJ's eligibility determination accordingly became final on the 61st day following the date of the notice of decision. Dkt. No. 8-2, at 67. Pagan then had an additional 60 days to file a civil action to appeal the decision. *Id.*; *see also* 42 U.S.C. § 405(g). Here, because the notice was dated December 15, 2021, Dkt. No. 8-2, at 65, Pagan had until April 14, 2022 to file his complaint. However, he did not do so until August 11, 2023—nearly a year and a half later. Consequently, Pagan's appeal of the eligibility determination is untimely. *See Smith v. Comm'r of Soc. Sec.*, No. 08–CV–1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010).

---

[1] Pagan's efforts to style this case as anything other than a standard agency appeal, including by implying that SSA's actions constituted violations of his civil rights, *see* Compl. at 4, are meritless and, as such, will not be addressed any further. *See Davis*, 2024 WL 5272816, at *7 (dismissing constitutional and civil rights claims asserted in Social Security action). In addition, the Court need not attend to the many allegations found in the myriad letters that Pagan has filed on the docket, ostensibly in opposition to the Commissioner's motion. These allegations, which concern other overpayment issues that postdate the complaint and allegedly false criminal accusations made by one of the defendant Social Security field office employees, *see* Dkt. Nos. 9-11, need not be addressed because they are nowhere to be found in the complaint and are wholly unrelated to the claims Pagan does make in the complaint. *See Stapleton v. Barrett Crane Design & Eng'g*, 725 F. App'x. 28, 32 (2d Cir. 2018) (affirming district court's decision not to consider new theory of liability asserted for the first time in opposition to summary judgment).

There is yet another fatal shortcoming in Pagan's request for relief.  Namely, his application for relief from SSA's overpayment determination must be denied for failure to exhaust administrative remedies.  The law is plain: before a district court can review an SSA determination, the determination in question must be the "final decision" of the Commissioner.  42 U.S.C. § 405(g).  "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted."  *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x. 4, 5 (2d Cir. 2011).  While Pagan did satisfy the presentment requirement by filing a benefits claim with SSA, he failed to comply with the exhaustion requirement, as he did not exhaust SSA's four-step administrative process before commencing this action.

Under the Social Security Act and the regulations promulgated by SSA, a decision must have undergone each of the following four steps to be considered "final": "(1) an agency initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review."  *Eichie v. Kuakazi*, No. 21-cv-10712 (LJL), 2023 WL 1438327, at *5 (S.D.N.Y. Feb. 1, 2023).  Pagan's appeal of the overpayment determination to the Appeals Council was still pending when he filed his complaint in August 2023.  Dkt. No. 8-2, at 3.  As a result, the unexhausted claim must be dismissed unless waiver of the exhaustion requirement is appropriate.

Stated concisely, waiver is inappropriate on the facts and circumstances Pagan sets forth in his application seeking review of the post-remand determinations.  In deciding whether to excuse an applicant's failure to exhaust his or her administrative remedies, a district court must consider: "(1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiffs would suffer irreparable harm if required to exhaust their

4

administrative remedies before obtaining relief." *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). Right from the start, Pagan finds his application on the wrong side of the test's line. His "claims are not collateral to [his] request for benefits but are in fact a direct request for benefits and a complaint concerning allegedly improper deductions" from his disability benefits. *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995).

Nor is it the case that exhaustion would be futile. Courts in this circuit generally only deem exhaustion futile "where the plaintiff seeks to challenge [the] regulation" underlying the decision. *Eichie*, 2023 WL 1438327, at *6. Where a plaintiff is only trying to "correct[] an error in the administrative application of a regulation," on the other hand, subsequent administrative review could in fact prove useful, either by rectifying the error itself or by at least developing the record further. *Id.*; *Escalera*, 457 F. App'x. at 6-7. Such is the case here, as Pagan only claims that the overpayment determination was made in error and does not raise any issues with the underlying procedures. *See generally* Compl. Lastly, seeing as how there is no evidence that "the termination or denial of benefits would subject [Pagan] to deteriorating physical health," Pagan has not made a sufficient showing of irreparable harm to excuse his failure to exhaust. *Eichie*, 2023 WL 1438327, at *7. Given the totality of circumstances established without genuine material dispute on this record, waiver of the exhaustion requirement is inappropriate, and the Court declines to order it.

<u>Conclusion</u>

For the foregoing reasons, the Commissioner's summary judgment motion is granted in full.

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this Memorandum and Order to plaintiff at his last known address, and to close this case.

So Ordered.

Dated: Brooklyn, New York
       October 17, 2025

                                            /s/ Eric N. Vitaliano
                                            _____
                                            ERIC N. VITALIANO
                                            United States District Judge